# WILLIAMS v. WILLIAMS.

### ADMINISTRATION, GRANT OF.

1. The right of administration upon a decedent's estate is a valuable right, and those upon whom it has been conferred by statute should not be deprived of it except as the statute has provided.

2. Where a decedent is survived by a widow and minor children, the widow, if a fit person and qualified to act, is entitled to the sole administration of the estate, and it is beyond the power of the probate court, against her consent, to appoint a coadministrator who is a stranger to the estate. (Construing D. C. Code, §§ 276–280, 287.)

3. An adult child of a decedent, who is otherwise qualified to act, may, in the discretion of the probate court, be appointed coadministrator with the widow. (Construing D. C. Code, § 276.)

No. 1438.   Submitted October 12, 1904.   Decided November 1, 1904.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia, sitting as a Court of Probate, granting joint administration upon the estate of a decedent.

*Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. J. Altheus Johnson* and *Mr. Burton D. Doyle* for the appellant.

*Mr. W. J. Lambert* and *Mr. D. W. Baker* for the appellees.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The whole question in this case depends upon the correct construction of § 276, and §§ 277, 278, 279, and 280 of the Code of the District of Columbia. The first of these sections is as follows: "If the intestate leave a widow and a child or children, administration, subject to the discretion of the court, shall be granted either to the widow or child, or one or more of the children, qualified to act as administrator; and further subject to the discretion of the court as follows:

"Sec. 277. If there be a widow and no child the widow shall be preferred, and next to the widow or children a grandchild shall be preferred.

"Sec. 278. If there be neither widow, nor child, nor grandchild to act, the father shall be preferred; and, if there be no father, the mother shall be preferred.

"Sec. 279. If there be neither widow, nor child, nor grandchild, nor father, nor mother, to act, brothers and sisters shall be preferred.

"Sec. 280. If there be neither widow, nor child, nor grandchild, nor father, nor mother, nor brother, nor sister, the next of kin shall be preferred."

In this case the intestate died, leaving a widow and four children,—two by a former wife and two by the widow surviving him. All the children were under the age to render them competent to act as administrators at the time of the appointment of the administrators whose title is now in question. Upon the death of the intestate, the widow made application for letters of administration; but there was also application for appointment jointly with the widow, of another person, not at all entitled by any provision of the Code, and which person was, by the order of the court, appointed as joint administratrix of the estate of the deceased, with the widow of the intestate, against the opposition and protest of the latter. There was no pretense that the widow was under any such disability or incompetency as that prescribed by § 261 of the Code, nor is it suggested that there was any such moral or intellectual want of fitness as to render her appointment improper. Her appointment is evidence of her fitness and qualification, upon the assumption that there was discretion in the court to reject her application for the appointment altogether; and if there was not discretion to reject her application altogether, it is difficult to perceive how her right to appointment under the statute can be qualified or restricted by the appointment of one or more persons jointly with her, and against her consent, who is or are in no manner entitled to administration upon the estate.

We are of opinion that there was no discretion authorized to be exercised, under the circumstances of this case, by virtue of § 276 of the Code, and therefore there was error in appointing Mrs. Elizabeth Mulloy as coadministratrix with the widow, against the latter's consent. The discretion authorized to be exercised, under § 276 of the Code, is as between the widow and the child or children of the deceased who may be of age and

otherwise qualified to receive letters of administration. But here the children were not of age, and therefore not competent to take letters; and the right of the widow was exclusive of all other parties under that section. The words at the end of the section, "and further subject to the discretion of the court as follows," have reference to the relations and conditions of persons prescribed in the succeeding sections. The right of administration is a valuable right, and those upon whom that right has been conferred by statute should not be deprived of it, except as the statute has provided. As declared by § 287 of the Code, "If any person described in the foregoing sections should be incompetent to serve, then administration shall be granted as if such person were not living;" and, by the next succeeding section, 288, it is declared that, "if there be no relations, or those entitled decline or refuse to appear and apply for administration, on proper summons or notice, administration may be granted to the largest creditor applying for the same; and, if creditors neglect to apply, it may be granted at the discretion of the court." Here Mrs. Mulloy is not a relation of the deceased, and had no claim whatever to administer upon his estate.

In England, by the statute 21 Hen. VIII., chap. 5, § 3, the ordinary is directed to grant administration "to the widow or the next of kin, or to both," at his discretion. Under that provision of the statute it has been the uniform construction and practice of the ecclesiastical court, and of the present probate court, to prefer a sole to a joint administration, and those courts have, as a general rule, refused to force a joint administration upon a party entitled to letters, against his or her consent. 1 Wms. Exrs. 341; *Browning's Goods,* 2 Swabey & T. 634; *Bell* v. *Timiswood,* 2 Phillim. Eccl. Rep. 22; *Dampier* v. *Colson,* 2 Phillim. Eccl. Rep. 54; *Newbold's Goods,* L. R. 1 Prob. & Div. 285. As said by the court in the case of *Bell* v. *Timiswood,* just referred to: "The court never forces a joint administration, and for an obvious reason,—because it is necessary for the administrators to join in every act; there might be a complete contrariety of action, and it would be in the power of one of them to defeat the whole administration."

In those States where statutes of a similar character to those in force in Maryland and the District of Columbia upon this subject exist the same practice as that which prevails in England has been pursued. *Cook* v. *Carr,* 19 Md. 1; *Carpenter* v. *Jones,* 44 Md. 625; *M'Gooch* v. *M'Gooch,* 4 Mass. 348; *Gyger's Estate,* 65 Pa. 311; *State ex rel. Adamson* v. *Collier,* 62 Mo. App. 38. Many other cases could be added, but it is unnecessary.

It has been suggested in argument that the eldest child of the deceased has recently come of age; and, if that be so, and the child be otherwise qualified, the court may, in the exercise of its discretion, under § 276 of the Code, appoint that child as coadministratrix with the widow. We must, however, reverse the order appealed from and remand the cause that action may be had in the court below in accordance with the foregoing opinion.

*Order reversed and cause remanded.*