## GUTHRIE *v.* WELCH.

---

PROBATE COURT; LETTERS AD COLLIGENDUM; COLLECTORS, REMOVAL OF.

1. A special appeal was allowed by this court from an order of the probate court, removing a collector of a decedent's estate, in a will case.
2. The probate court has the sound judicial discretion to remove at will a collector of an estate to whom letters *ad colligendum* have been issued; and the exercise of that discretion will not be reviewed on appeal, except for abuse of it.

3. It is not an abuse of its discretion where the probate court removes a collector appointed in a will contest on the ground that he is interested in the litigation.

No. 1498. Submitted January 17, 1905. Decided February 7, 1905.

HEARING on an appeal by a collector of a decedent's estate from an order of the Supreme Court of the District of Columbia sitting as a probate court, removing her as collector.

*Affirmed.*

(In this case an application was made to this court for the allowance of a special appeal from the order of the lower court in question. In granting the petition, which was filed December 2d, 1904, the court indorsed the following order upon it:

"In view of the fact that this application for a special appeal involves a question of practice that ought to be settled, and as there is some doubt as to whether the case could be brought into this court by an appeal under the provisions of the statute, as matter of right, we allow the special appeal on the foregoing application.")

The COURT in the opinion stated the case as follows:

This is an appeal from an order of the supreme court of the District of Columbia, sitting as a probate court, and the question involved in the case is whether that court has authority, under the law, to remove a collector whom it has appointed for the estate of a deceased person, pending proceedings over a caveat that had been filed against the last will and testament of such deceased person; on the ground that such collector was interested in the litigation and should be a disinterested party.

The facts in brief are these: One Ann E. Coates died in this city on May 15, 1903. After her death, a paper writing purporting to be her last will and testament was offered for probate by Mary Teresa Spalding and Annie C. Guthrie, who were named in it as executrices. They were two out of eleven persons named in the proceedings as being the heirs at law

and next of kin of the deceased.    Two others of the eleven filed a caveat to the alleged will, on the usual grounds of fraud, undue influence, and the mental incapacity of the deceased to make a valid will.    Thereupon, in view of the litigation thus initiated, Annie C. Guthrie was appointed collector of the estate of the deceased, and entered upon the performance of her duties. Petition was filed by the two caveators named for her removal on the ground that the collector should be a wholly disinterested person and neither a legatee nor a distributee of the estate.    The prayer of the petition was denied by the court.

Subsequently Annie C. Guthrie filed an account as collector. The two caveators, who are the appellees here, objected to this account and asked for her removal from the office of collector, on the ground, as alleged, that she had concealed and secreted assets of the estate to the amount of $1,234.96.    This sum, so claimed to be assets of the estate, appears to have been money deposited in a trust institution or savings bank in this city by Ann E. Coates, which was drawn out by Annie C. Guthrie, in April, 1903, upon a check dated April 1, 1903, and executed and delivered to Annie C. Guthrie by Ann E. Coates, as a voluntary gift from the latter to the former, as claimed by the donee, Annie C. Guthrie.    This alleged gift was made on the second day subsequent to that on which the will purports to bear date, which was March 30, 1903; and the appellees claim that the same mental incapacity existed on both dates as to the deceased Ann E. Coates.

Upon the petition of the appellees and the answer thereto of the appellant, who claimed that this money was not part of the assets of the estate, but was her own by voluntary gift from the deceased, the probate court, on the ground, as stated in the order, "that the said Annie C. Guthrie is interested in the pending litigation and some disinterested party ought to be appointed in her place and stead," removed the appellant from the collectorship, and appointed a local trust company to the office. Annie C. Guthrie has prosecuted the present appeal from the order.

*Mr. Burton Macafee, Mr. Andrew Wilson,* and *Mr. Noel W. Barksdale* for the appellant.

*Messrs. Cole & Donaldson* and *Mr. William B. Reilly* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

It is to be noted that, neither in the order for the removal of the appellant from the office of collector of the estate of the deceased, nor in any other order to be found in the record before us, is there any adjudication by the court below of the question of concealment of assets that was raised by the petition of the appellees; and that the removal of the appellant is based, not upon any such concealment, but upon the impropriety of the collectorship being vested in one interested in the litigation. It is argued on behalf of the appellant that a collector cannot be removed for any such cause, or for any cause whatever other than certain specified causes mentioned in the Code.

In reference to the powers of the probate court, the Code provides that "the special term of said supreme court, heretofore known as the orphans' court, shall be designated the probate court, and the justice holding said court shall have and exercise all the powers and jurisdiction by law held and exercised by the orphans' court of Washington county, District of Columbia, prior to the 21st day of June, A. D. 1870." (§ 116.) And sec. 119 provides that "it [the probate court] shall have full power and authority to take the proof of wills of either personal or real estate and admit the same to probate and record, and for cause to revoke the probate thereof; to grant and, for any of the causes hereinafter mentioned, to revoke letters testamentary, letters of administration, letters *ad colligendum,* and letters of guardianship, and to appoint a successor in the place of anyone whose letters have been revoked, etc., etc., etc."

From this sec. 119, and from the expression used therein that for any of the causes thereinafter mentioned letters testamentary, letters of administration, letters *ad colligendum,* and

letters of guardianship might be revoked by the probate court, it might justly be inferred that it was the intention of the framers of the Code to enumerate specifically thereinafter the several causes for which such revocation might be had.    But nowhere in the Code do we find any specific enumeration of such causes.    Indeed, it would seem that thereafter there is only incidental reference to the matter of revocation of letters, when it is mentioned in secs. 122, 123, 124, 125, and 126 as one of the penalties that may be imposed for failure to invest funds as directed by the court; or for concealment of assets of the estate; or for misconduct of a joint executor, administrator, or collector; or for failure to render an inventory or account. The contention of the appellant is that these four specified causes, and these alone, although thus only incidentally mentioned, are the only causes for which letters may be revoked by the probate court.    But we cannot assent to the justice of this contention.

While the probate court is one of expressly limited jurisdiction, although the special limitation upon its authority contained in the Maryland act of 1798, chap. 101, subchap. 15, sec. 20, that "the orphans' court shall not, under pretext of incidental power or constructive authority, exercise any jurisdiction whatever not expressly given by this act or some other law," has been omitted from our Code, yet it must be assumed that every court has all the authority necessarily implied in the act of its creation.    The administration of the estates of deceased persons is a matter committed by our system of jurisprudence almost wholly to courts of probate, by whatever name they may be called; and the conservation of those estates and their ultimate delivery to those entitled to receive them are the main purposes for which such courts have been established.    In the contests which only too frequently occur over the validity of wills and the rights of executors therein named, and in the contests which occasionally arise as to the question of administration in the absence of a will or of an executor, the probate court is authorized to appoint collectors, who are in the nature of temporary administrators with more or less limited powers.

Such appointment seems to have been originally assumed by probate courts as a matter of necessity. With us it has been long sanctioned by law; and sec. 304 of the Code, whereby it is expressly authorized, is no more than the re-enactment of previously existing statute. See act of Maryland of 1798, chap. 101.

Differently from an executor, who receives his authority from the will of the deceased, and from the administrator, who, although he derives his authority immediately from the court, yet is usually pointed out by the statute, and is entitled as a matter of right, unless there is objection to him, a collector derives his appointment and authority wholly from the court. He is merely an officer of the court to conserve the estate until the person properly entitled to administer has been determined. The court is under no limitations whatever as to the person or persons whom it will appoint; and while the wishes of the parties in interest are and should be usually regarded, if they concur in a choice, yet the probate court is absolutely free to select whom it pleases for the office of collector. Being free to select, it should be free to displace a collector whenever, in its opinion, the occasion arises for such displacement, unless there is some special provision of law to the contrary. For, unless restricted by law, the power to appoint necessarily implies the power to remove, even without cause; although in matters of judicial cognizance it is not to be assumed that this power will be exercised arbitrarily or without due regard to the rights and interests of all the persons concerned.

In the matter of the removal of an executor there is, of course, a limitation upon the authority of the court that it cannot be done without just cause, for the reason, as already stated, and as is well settled, that the executor does not derive his authority from the court, but from the will of the deceased; and the power to remove must therefore be specifically granted by the statute. Similarly, in the matter of the removal of an administrator once appointed there is a limitation upon the power of the probate court; for the order of administration is regulated by the statute, and, unless there is good cause to the contrary,

which, however, is in the sound judicial discretion of the probate court itself, that court is bound to appoint the different persons entitled in the order in which they are designated in the statute, and, being compelled to appoint in that order, it is not, of course, at liberty to nullify the law by arbitrary removal after appointment.

But in reference to collectors the case is wholly different. The collector is merely an officer of the court to conserve the estate, and no more, substantially as a receiver is in a court of equity. If he fails to perform his duty satisfactorily there is no reason why he should not be removed. If he has become incapable of performing it, as by illness, insanity, removal from the jurisdiction, or some other such cause, it may become imperative that he should be removed. He has no such right or interest in the estate as has the executor or administrator, that would preclude action for his removal by the court which appointed him.

It is very true that, by the sections of the Code which have been cited, collectors have so far been assimilated to executors and administrators as that provision is made for their removal in certain specified classes of cases. But it does not follow from this that they may not be removed for other causes also. These provisions of law do not purport to be exclusive, and very plainly they do not include all the cases in which it would be necessary or proper to revoke letters *ad colligendum.* They do not include cases of disability on the part of the collector to perform his duty, when such disability has supervened after the appointment. They do not include cases of disqualification, which would have precluded the appointment in the first instance if the disqualification had then been known, but of which the knowledge has come to the court or to the parties in interest after the appointment. They do not include many cases of possible misconduct, which would render the continuance of the collector in office dangerous to the security of the estate. To hold that in all such cases the court has so tied its own hands as not to be able to untie them would be to render the administration of the probate law dangerous in the extreme to all the interests involved in litigation over the estates of deceased persons.

We find no adjudicated case that states a doctrine contrary to this. Those that are cited on behalf of the appellant are cases regarding the removal of administrators; and administrators, as we have stated, stand upon a very different basis from collectors.

Holding, as we do, that the probate court has the discretion, the sound judicial discretion, to remove at will a collector of an estate to whom letters *ad colligendum* have been issued, we do not deem it either necessary or proper to determine whether in the present instance that discretion has been properly exercised. It has been repeatedly held that, when there is a judicial discretion vested in a court, the exercise of that discretion will not be reviewed in an appellate tribunal, except for the abuse of it; and certainly there would seem to be no abuse of discretion in the attempt to find an impartial collector who has no interest with either party to a pending litigation.

It follows that the order appealed from must be affirmed, with costs.

The cause will be remanded to the Supreme Court of the District of Columbia for further proceedings therein according to law. And it is so ordered.                    *Affirmed.*