## HAVILAND v. HARRISS.

### No. 5337.

Court of Appeals of District of Columbia.

Argued May 4, 1931.

Decided June 1, 1931.

Robert H. McNeill, of Washington, D. C., for appellant.

Brainard H. Warner, Jr., Geo. C. Ober, Jr., and Joseph C. Fehr, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeal from an order overruling appellant's motion for the removal of an administrator de bonis non.

It appears that one Edgar Leo Harriss, a resident of the District of Columbia, died intestate in February, 1920, unmarried and without children, survived by his father, three brothers (one since deceased), his mother, the appellant, who was divorced from decedent's father, and a stepmother.

In April, 1920, the father, being next of kin and sole heir of decedent, was duly appointed and qualified by the Supreme Court of the District, holding probate court, as administrator of decedent's estate, and remained such until his death in May, 1930. Coincidently with the father's decease the estate of his deceased son became entitled to receive the sum of $5,176 as the commuted value of the unpaid installments of a war risk insurance policy, and this constituted the only undistributed assets of the estate.

Edwin A. Harriss, the deceased father of Edgar Leo Harriss, dec'd, left a last will and testament which was duly probated, wherein he bequeathed his rights in the proceeds of the war risk insurance policy to his second wife, Annie B. Harriss, and his two surviving sons, Archibald L. Harriss and Carl A. Harriss. It follows that appellant, the divorced first wife, was not entitled to any part of the unadministered assets of the estate of Edgar Leo Harriss, deceased, and that such assets were distributable to the surviving widow and the two sons of Edwin A. Harriss, deceased.

Thereupon, in August, 1930, the appellee, Carl A. Harriss, with the approval of the stepmother and the other surviving brother, was appointed by the same court as administrator de bonis non of the Edgar Leo Harriss Estate.

In September, 1930, the appellant, the mother of decedent, who had been divorced as aforesaid from his father in his lifetime, filed a petition in court, praying that appellee be removed as administrator d. b. n. of his brother's estate, and that she be appointed as such in his stead. This motion was overruled by the court, and the present appeal was taken.

Under section 106, pt. 2, c. 5, T. 29, D. C. Code 1929, p. 423, relating to the appointment of administrators, it is provided that, if an intestate leave no widow or surviving husband, nor child, nor grandchild, to act as administrator, the father shall be preferred; and, if there be no father, the mother shall be preferred.

Under section 75, pt. 1, c. 5, T. 29, D. C. Code 1929, p. 420, it is provided that, if an administrator shall die before the adminis-

tration of the estate is completed, letters of administration de bonis non shall be granted, in the discretion of the court, "giving preference, however, to the person who would be entitled in the order given in Part 2 of this chapter, if he shall actually apply for the same."

The probate court, in the exercise of the discretion granted to it by section 75, supra, appointed the appellee as administrator d. b. n.; although he was not the person entitled to appointment according to the order prescribed by section 106 of part 2, supra.

The court, in our opinion, was vested with authority to make this appointment by the grant of discretion contained in section 75, notwithstanding the directory-reference to the order of appointment of administrators contained therein. Otherwise the provision for the exercise of discretion by the court would have no force or effect whatever as part of the statute. There is no charge of abuse of the court's discretion, and the circumstances of the case plainly indicate that it was rightfully exercised.

The order appealed from is accordingly affirmed, with costs.

Mr. Justice HITZ took no part in the consideration or decision of this case.