WOODRUFF, ADMINISTRATOR, *v.* MILLER.

4-7829                                          192 S. W. 2d 527

Opinion delivered February 18, 1946.

760

*Harvey L. Joyce* and *Glen Wing,* for appellant.

*G. T. Sullins* and *Rex W. Perkins,* for appellee.·

McHANEY, Justice.    Sarah A. Bales Cover died intestate in Washington county, Arkansas, on August 30, 1945, leaving no direct descendants, but a number of collateral heirs, including appellant and appellee who are nephews. On August 31, 1945, appellant filed application for letters of administration, made bond and was by the court appointed administrator of said intestate's estate. This was done by him in violation of an agreement between him, appellee and one Niccum, another nephew of intestate, to meet at 1 p. m. of said date to agree on some suitable person to be appointed as administrator of said

estate. On the same date appellant filed for record a deed purporting to have been executed by intestate in 1941 and conveying to himself and, his bodily heirs several tracts of real estate.

On September 6, 1945, the court, on its own motion, entered an order suspending appellant from acting as administrator, and directing that the cause be resubmitted to it on September 12, upon the application for appointment. On the latter date, appellee filed a motion and affidavit duly verified, alleging among other things embezzlement of the estate by appellant and praying his discharge, to which appellant demurred and answered with a general denial. The cause was continued to September 26, by agreement. In the meantime, the clerk by direction of the court, notified many of the heirs, or as many as possible, of this setting, and that the question to be determined was whether the letters theretofore granted appellant, Woodruff, should be revoked or permitted to stand. A majority of those heard from indicated a desire to have Woodruff removed.

On September 26, a hearing was had, although appellant was not present in person and could not be examined touching the matters charged, and an order was entered discharging appellant as administrator, ordering a settlement by him and appointing a successor to administer. said estate who is not related to any of the parties. The court made these findings: "From the evidence before the court, oral, documentary and from the files of the clerk, and from other matters and things before the court, the court finds that pursuant to his appointment Fred Woodruff qualified as administrator by filing of bond as such; that such appointment was procured by him notwithstanding an agreement entered into by himself and other heirs of deceased whereby selection and appointment of an administrator was agreed to be deferred until as many of the heirs as possible could agree upon some suitable person to act as such; that in procuring his appointment notwithstanding said agreement, said Woodruff practiced constructive fraud upon the other heirs parties to such agreement. The court further finds that

said Woodruff is not a person of sufficient business and general experience to qualify him properly to administer the affairs of this estate. The court further finds that a majority of the heirs responding to said communication from said clerk have expressed their dissatisfaction with the appointment of said Woodruff. The court further finds that on the day subsequent to the death of the deceased that said Woodruff filed for record, and caused to be recorded, a purported deed of conveyance to himself from deceased, conveying various tracts of real estate; that said purported deed was executed in 1941, and that a suit is contemplated by various of the other heirs to cancel said deed as being fraudulent. The court further finds that it would be inequitable to prefer one heir over the others by an appointment of any of them as administrator, unless by agreement of said heirs or a majority of them, and the court further finds that the interests of the estate and of said heirs would be best served by the appointment and service of an administrator not a beneficiary of said estate and wholly disinterested therein by consanguinity or affinity to or with deceased or any of said heirs.''

This appeal followed.

Section 8, Pope's Digest, reads as follows: ''To Whom Granted. Letters of administration shall be granted to the representatives of the intestate who may apply for the same and are qualified, preferring first the husband or wife, or one of the persons entitled by law to a distribution of the intestate's estate, as the court or clerk may be of the opinion will best manage and improve the estate; and if no such person applies for letters within thirty days after the death of the intestate, letters of administration may be granted to any creditor of the intestate who may apply for the same within sixty days after the death of the intestate, or to such other person as the court may appoint; and the court, or clerk thereof in vacation, on the application of any person interested, may issue a citation to any person entitled to administration as aforesaid, calling on him to take out letters of administration.''

Appellant makes two contentions for a reversal. The first is that he has a first or prior right to administer said estate because he is a member of a statutory preferred class, and that the statute is mandatory; second, that having been appointed by the court, he cannot be removed except upon at least one of the statutory grounds of disqualification and removal, not one of which is shown.

While the statute, § 8, above quoted says letters "shall be granted to the representatives of the intestate who may apply for same and are qualified," preferring the persons named, and then says, "as the court or clerk may be of the opinion will best manage and improve the estate," this statute clearly gives the court discretion in the granting of letters of administration. First, is the applicant "qualified" and second will he, in the opinion of the court, "best manage and improve the estate"? These inquiries apply to all persons applying for letters and especially to those entitled by law to a distribution of the intestate's estate. They are named as a preferred class on the conditions named in the statute. The court is not required to appoint blindly a member of the preferred class where there is no member of that class qualified or where the applicant of that class is not qualified, or who, in the opinion of the court, will not best manage and improve the estate, even if otherwise qualified.

Evidently, the court made no inquiry regarding these matters when appellant's application was first presented to him. But it shortly came to the court's attention that appellant might not be a proper person to administer said estate, and on the 6th day after said appointment, the court suspended appellant as administrator and set a day to hear and determine his qualifications. On the final hearing the court found that he was not a proper person to administer said estate and gave the reasons therefor, and we cannot say any abuse of the discretion vested in the court has been shown. We think all the findings of the court, as set out above, are supported by the evidence and are sufficient to support a revocation of the letters theretofore granted. See § 37, Pope's Digest, relative to waste and mismanagement of the estate. In *Bocquin*

v. *Theurer*, 133 Ark. 448, 202 S. W. 845, it was held that the probate court had the right to remove an executor named in the will and appoint another in his place under proper case made citing this same § 37.

Appellant was the only person of the preferred class who applied for letters. All others of said class waived the right to appointment by asking that a disinterested person be appointed, and the power is given in that section to the court to grant letters "to such other person as the court may appoint."

Affirmed.

GRIFFIN SMITH, C. J., not participating.