In re Estate of James H. Abell, Deceased.
Mary M. Hoover, Administrator de bonis non with Will Annexed of Estate of James H. Abell, Deceased et al., Appellants, v. Louise A. Hott and Riley E. Abell, Appellees.

Gen. No. 9,505.

Opinion filed May 28, 1946. Released for publication June 24, 1946.

HERSHEY & BLISS and PROVINE, PINKERTON & MILEY, all of Taylorville, for appellants.

FLESHER & TAYLOR, and EDWARD E. ADAMS, all of Taylorville, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is an appeal from an order entered by the circuit court of Christian county, upon an appeal to it from the county court of such county, in the matter of the estate of James H. Abell, deceased. The order of the circuit court reversed the order of the county court appointing the appellant, Mary M. Hoover, as administrator *de bonis non* with the will annexed of said estate, and ordered the appointment of appellees, Louise A. Hott and Riley E. Abell, as such.

The case was tried in the circuit court upon stipulation and exhibits, there being no substantial dispute of facts involved. It appears that James H. Abell died, testate, July 20, 1929, a resident of said county. His will was duly probated and the named executrix therein, M. Ethel Abell, a daughter, qualified and letters testamentary were issued to her. Numerous claims were filed and allowed, which, it is alleged, with the costs of administration, now aggregate $138,924.19. These claims are now held and owned

by the appellants, National Stockyards National Bank, George W. Spates, as executor of and trustee under the will of Josiah Hall, deceased, and Minnie Mitchell. The executrix filed a petition in the county court to sell real estate to pay debts. Order of sale was entered thereon and sale had. Subsequently, on December 18, 1935, the report of sale was disapproved by the county court, the sale set aside as fraudulent and void, and the executrix, M. Ethel Abell, ordered removed. Prior to her removal, she had liquidated all of the decedent's personal estate and reported that she had applied the proceeds upon claims other than those of the appellants. Upon her removal, the appellees, Louise A. Hott and Riley E. Abell, together with Frederick H. Abell and Thomas Wayne Abell, all of whom were grandchildren and heirs by descent of the devisees in decedent's will, filed their petition in the county court, nominating Scott Hoover as administrator *de bonis non* with the will annexed. The court ordered the appointment of Scott Hoover. He qualified and letters were issued to him (after disposition of appeals) on March 4, 1939.

No personal estate remained or came into his hands and he subsequently filed a supplemental petition to subject the decedent's real estate, allegedly worth not to exceed $100,000, to sale for the payment of the claims, including those of the three creditor appellants. On January 6, 1944, Louise A. Hott and Riley E. Abell, the appellees, together with all the then other heirs at law of James H. Abell, deceased, except Emma J. Rishton, filed their answer and special answer to such petition of Scott Hoover, as such administrator, in which they alleged that none of the claims against such estate were allowed within seven years next before the filing of such supplemental petition, by reason of which, the court was without jurisdiction to order the sale of such real estate for the payment of any of such claims; that more than seven

years elapsed from the appointment of said Scott Hoover as administrator, on December 18, 1935, wherefore, the right of the said administrator to subject the lands for the payment of debts is barred by lapse of time; that the claims filed against said estate were without consideration and are not in the hands of any holder in due course and are not valid claims.

On May 9, 1945, said Scott Hoover tendered his resignation to the county court, following his entry, into the military service outside of the United States, which resignation was accepted. At the same time, the court, of its own motion, appointed Mary M. Hoover, as successor administrator, and directed that she be substituted as plaintiff in the pending suit to sell real estate to pay debts. On the same day, said Mary M. Hoover qualified, and letters were issued to her.

On May 12, 1945, the appellees, Louise A. Hott and Riley E. Abell, filed their petition in the county court, as grandchildren and heirs of the decedent, requesting their appointment as administrators. To this, the creditor appellants filed a cross petition, on May 19, 1945, requesting the confirmation of the prior appointment of Mary M. Hoover, as administrator, and answering the petition of appellees, setting forth many of the aforesaid facts and charging that from the records and files of the county court, and particularly by reason of the answer filed by Louise A. Hott and Riley E. Abell to the supplemental petition to sell real estate to pay debts, it appears that their interests are directly adverse and in conflict with the interest of the creditors, and praying that the petition of Louise A. Hott and Riley E. Abell be denied; that the appointment of Mary M. Hoover, as administrator, be confirmed, or, in the alternative, that the court appoint the said Mary M. Hoover or some other competent and qualified person as successor to Scott Hoover. Upon hearing on the petition and cross peti-

tion, the county court, without making a new appointment, ratified and confirmed its order of May 9, 1945, wherein said Mary M. Hoover was appointed administrator, and denied the petition of said Louise A. Hott and Riley E. Abell. From this order, said Louise A. Hott and Riley E. Abell appealed to the circuit court, where a trial was had, *de novo*. On the trial in the circuit court, it was stipulated that for the purpose of the hearing, and none other, that the matters alleged as facts in the petition of Louise A. Hott and Riley E. Abell, filed May 12, 1945, are true as therein set forth, and that the matters alleged as facts in the cross petition of the creditor appellants, filed May 19, 1945, shall be considered as true, except as to the allowance of a certain claim, and that the said Mary M. Hoover, Louise A. Hott and Riley E. Abell each had the statutory qualifications to act as administrator. The appellees (then in the circuit court as appellants) introduced in evidence the answer filed in the county court by George W. Spates, as executor of and trustee under the will of Josiah Hall, deceased, to the supplemental petition of Scott Hoover, administrator, to sell real estate to pay debts. In this answer, the said Spates asserted superior title to substantially all of the real estate, by asserting that for more than seven years prior to November 9, 1943, he was in actual possession of Tracts 1, 4 and 5, under claim and color of title adverse to the petitioner and to all persons claiming by, through or under James H. Abell, deceased.

The circuit court, in its order of September 14, 1945, reversed the finding of the county court and directed the appointment of appellees as administrators. The trial court, in his opinion, stated: "One would think that that was a strange policy to provide that the persons who have every reason not to sell the land to pay debts should be the administrators whose duty it is to provide for the sale and conduct the sale but that seems to be the policy of our statute . . .

and while I feel that it would be to the best interest of the estate to confirm the decision of the County Court and permit Mrs. Hoover to act as administrator, I also feel that I am bound by this statute, and I am not in a position where I am able to do it.''

The contention of the appellees is that they have a preferential right to act as administrators, under par. 248, ch. 3, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 110.345], which provides as follows:

''248. § 96. Persons Entitled to Preference in Obtaining Letters.) The following persons are entitled to preference in the following order in obtaining the issuance of letters of administration of the various kinds: . . .

(5) The grandchildren or any person nominated by them.

(6) The next of kin or any person nominated by them.

(7) The Public Administrator.

(8) A creditor of the estate.''

They further contend that this statute is mandatory and permits no discretion on the part of the court in making the appointment. They also urge the point that they are not disqualified to act as administrators merely because the position they had theretofore taken was in opposition to that of the creditors, and, in support thereof, quote the language of the trial judge, ''In every case of administration there is, necessarily, a conflict of interests between the heirs or beneficiaries under the law and the creditors, because the more claims that are allowed, the less there would be for distribution under the law to the heirs or beneficiaries.''

The appellants argue that under the circumstances of this case, the statutory preference which would ordinarily be accorded to a decedent's heirs is not absolute but must yield to the necessity of according to both the creditors and the heirs a fair presentation

and judicial determination of their respective rights; that there is such an adversity of interest between the appellees and the creditor appellants as would deprive the latter of their day in court; that, as administrators, the appellees would be seeking a sale of real estate to pay claims, which, as defendants, they assert are void, and, as defendants, they claim that the proceeding itself, is barred by laches. The creditor appellants do not contend that they have any statutory right of nomination superior to or on a parity with that of appellees, but do contend that the county court was warranted in appointing a disinterested third party, who was the nominee of neither of the adversaries.

In the few reported cases in this State, involving the preferential statute, there appears none precisely analogous to the situation presented here.

There have been a few cases, however, where the courts have construed other phases of this statute, and these have been cited and discussed in the briefs of the parties in the present appeal. In the interest of brevity, these cases will not be reviewed in this opinion, as an excellent discussion of the leading ones appears in the recent case of *Dennis v. Dennis,* 323 Ill. App. 328. It was decided in such case that where there was hostility, adversity and conflict of interest between two brothers, then the nominee of one brother should be appointed administrator as opposed to the appointment of the other brother. The court found that, although it was generally true that the nominee of one of a class has no claim to administer an estate as opposed to another member of that class, unusual circumstances justified the holding that the brother was not qualified to act because the adversity of interest rendered him unsuitable.

We believe that the greater weight of authority, as well as reason and justice and application of rules of statutory construction, supports the conclu-

sion that the preferential right to administer must yield to the discretion of the court in unusual cases where considerable hostility, adversity and conflict of interest appear.

■ It is apparent that there are unusual circumstances in the instant case, *i.e.*, the prior allowance of appellants' claims, a prior decree for sale of real estate based on such claims, a sale being held which was later set aside and the executrix removed, the prior exercise by appellees of one preferential right in obtaining the appointment of Scott Hoover, the contention of appellees in their answer to the pending proceeding to sell real estate that their own nominee, Scott Hoover, is guilty of such laches as to bar any sale whatsoever to pay the claims, and their contention that the claims themselves are invalid. We believe these facts present a situation which merits the appointment of a disinterested party as administrator; that the personal interest of the appellees is so opposed to and in conflict with their interest, as administrators, as to preclude proper and fair administration of the estate, and that for such reason, they are not qualified persons to act as administrators. The appointment of such third party will result in no prejudice to the appellees and will insure a proper day in court for all the parties to the controversy. The statute establishes a norm which is not at variance with any rational legal concept of the equitable powers of the county court in exercising its discretion in those exceptional cases where the literal following of the statute would result in patent injustice by reason of extreme adversity of interest.

The judgment of the circuit court is reversed and the cause remanded with instructions to appoint Mary M. Hoover, or some other competent person, as administrator *de bonis non* with the will annexed, to complete the administration of the estate of James H. Abell, deceased.

*Reversed and remanded with directions.*