**Corinne B. RANDALL, Appellant,**
v.
**Grace Fitzpatrick BOCKHORST,**
**Appellee.**
**No. 12769.**

United States Court of Appeals
District of Columbia Circuit.
Argued Nov. 23, 1955.
Decided Jan. 5, 1956.

Rehearing Denied March 1, 1956.

---

**1.** No opinions filed.

Mr. Arthur L. Willcher, Washington, D. C., with whom Mr. Nathan Rubey, Washington, D. C., was on the brief, for appellant.

Mr. James M. Earnest, Washington, D. C., for appellee.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appeal questions an order of the District Court, sitting in probate, which (1) removed appellant as administratrix of the estate of her brother, who had died in this city on March 17, 1954, and (2) appointed his widow, the appellee, administratrix *de bonis non.* This order was entered pursuant to a petition filed by the widow on April 21, 1955. As the basis for its order the court recited that letters of administration had been issued to the sister on June 23, 1954, because of a misstatement in her petition,[1] or a misconception by the court, of the true facts. The court so concluded because the sister's petition contained an allegation made upon information and belief that decedent and his wife were divorced at the time of his death, whereas it developed that they had been married in 1921 and were never divorced, although they had been separated since 1938.

Bad faith on the part of the sister was not found by the court, and

1. This petition was filed April 12, 1954.

is not established.[2] Nevertheless, we think the court did not abuse its discretion in revoking the grant of administration to her. It was not unreasonable for the court to conclude that except for the misstatement and consequent misconception as to the marital status of the deceased and appellee a different disposition originally would have been made by the court with respect to letters of administration.

The sister contends, however, that the revocation of her letters was not for a cause specified in our Code and therefore was beyond the jurisdiction of the probate court. Section 11-504, D.C. Code 1951, provides that the probate court shall have authority to grant, and "for any of the causes hereinafter mentioned" to revoke, letters of administration. The causes thereinafter mentioned do not include the one relied upon in this case. But, as Chief Justice Shepard stated for the court in Emery v. Emery, 45 App.D.C. 576,

> "* * * Those causes relate to matters of administration and connected therewith, and do not prevent the court from revoking letters which had been issued upon a mistaken assumption of facts.
>
> "It is well settled in Maryland, from whence our probate system is derived, that once letters have been granted to a party upon a misstatement or misconception of facts, the same may be revoked and the party really entitled thereto appointed. * * * *"

2. The Register of Wills in submitting the sister's original petition to the court for its action advised the court that the sister "further states decedent was separated from his former wife for many years prior to his death, and believes said parties were divorced * * *." Therefore, when the letters were granted to the sister it is not likely the court acted on the assumption of a divorce instead of a long separation with the probability of a divorce.

The Department of State under date of June 29, 1955, wrote the attorney for the sister that the records of the Department showed that in an application upon

It is true that in Hawley v. Hawley, 72 App.D.C. 357, 114 F.2d 505, and Perkins v. Berger, 79 U.S.App.D.C. 286, 145 F.2d 856, the court stated it as a general rule that an executor or administrator can be removed only for causes specified by statute.[3] In the former case, however, the action of the court was limited to affirming the denial of a motion for removal of an executrix for conduct which was alleged to have occurred after appointment; and in the latter case the court refused to approve the removal of an administratrix based upon a conflict of interests which arose after letters had been issued to her. We do not construe these decisions as overruling *sub silentio* Emery v. Emery, supra. Rather, we regard the Hawley and Perkins rulings as limited to grounds for removal based upon facts which happen after the grant of letters of administration. In sum, we hold that in this jurisdiction an administrator may be removed because his or her original appointment was due to a misconception by the appointing court of material facts, which misconception arose from a misstatement by the administrator removed. Fraud need not be shown.[4] We need not decide under what other circumstances such a misconception would justify removal. As the Emery opinion mentioned, decisions in Maryland, the jurisdiction from which most of the substance of our probate law derives, see, e. g., Perkins v. Berger, supra, 79 U.S.App.D.C. at page 287, 145 F.2d at page 857; Watkins v. Rives, 75 U.S.App.D.C. 109, 111, 125 F.2d 33, 35;

which a passport was issued to decedent November 20, 1952, "he stated that he was married in 1929 to Grace Muriel Fitzpatrick from whom he was divorced." It is not shown, however, that such information was in the possession of the sister when she filed her petition for letters.

3. The court in Hawley enumerated these causes, 72 App.D.C. at pages 358–359 note 8, 114 F.2d 505.

4. In justice to the sister it should be said that the honesty of her administration of the estate is not questioned.

Hawley v. Hawley, supra, 72 App.D.C. at page 358, 114 F.2d at page 506, lend strong support to these principles. See, e. g., Raborg's Adm'x v. Hammond's Adm'r, 2 Har. & G. 42; Ward v. Thompson, 6 Gill & J. 349; Wilcoxon v. Reese, 63 Md. 542; Dalrymple v. Gamble, 66 Md. 298, 7 A. 683, 8 A. 468; Watkins v. Barnes, 203 Md. 518, 102 A.2d 295. We accordingly will sustain that part of the order which revokes the letters of appellant.

The part of the order which grants letters of administration *de bonis non* to appellee, the widow, calls for consideration of additional facts. As we have said, decedent died March 17, 1954, a resident of Washington. The widow, residing in New York, was promptly so advised by his employer. She then telephoned his sister, the appellant, who was living in St. Louis. The exact contents of the ensuing conversation are uncertain. The sister alleges in her answer to the widow's petition that the widow was hostile and threatening in regard to certain insurance policies on decedent's life. The widow at one time had been the beneficiary named in these policies, but decedent had later substituted his sister. The latter also alleges that in this telephone conversation the widow declared she would have nothing to do with the burial. The widow, in her affidavit, says she made the call to discuss the funeral and to give her sister-in-law her telephone number so that she might more readily be reached if further funeral arrangements had to be made. But apparently she did not handle any of the arrangements or attend the funeral, and she made no effort to obtain letters of administration for over a year. She says she was under the impression there were no funds in the estate. And it seems clear that the litigation over who should complete its administration grew out of the fact that about a year after the death, when the sister as administratrix was seeking to close the estate, her attorney got in touch with the widow in New York. She came to Washington, as suggested by the attorney, and learned for the first time that the estate contained personal property of the value of approximately $19,000. The allegations in the widow's petition make it clear that she intends to claim all or most of this sum as subject to a separation agreement into which she and decedent entered in 1938.[5] The sister indicates that she will oppose this claim.

The facts we have outlined lead us to conclude that in revoking the letters of appellant the court should have considered an alternative to the substitution of the widow as administratrix. It is true the widow has a statutory preference; but this preference is subject to the court's discretion. See Guthrie v. Welch, 24 App.D.C. 562, 567–568. The Code provides, insofar as here pertinent, that administration shall be granted "subject to the discretion of the court as follows: * * * if there be a widow * * * and no child, the widow * * * shall be preferred * * *." §§ 20–204, 20–205, D.C.Code 1951. Thus the court has more latitude in the choice of factors it may consider when granting letters of administration than it has under the Hawley and Perkins cases in revoking an appointment once made. Yet from the terms of the order on appeal, and from all the circumstances of the proceedings leading up to it, the court does not seem fully to have exercised its discretion; that is, no alternative to appointment of the widow in place of the sister appears to have been considered. The widow has a claim against the estate which, if sustained, would probably absorb it entirely. Fur-

5. Under the Code provisions governing descent and distribution the widow takes one-half of the surplus remaining after payment of debts, and the sister one-half. § 18–704, D.C.Code 1951.

In her petition for revocation of the letters of the sister and for her own appointment the widow indicates that certain "minimum annual payments" provided for in the separation agreement had been made to her by the decedent, but she alleges that these payments are not all to which she is entitled under the agreement.

thermore, her long separation from decedent, and her lack of interest and delay for a year after his death, are pertinent in determining who is to complete administration of the estate. We do not mean to control the court's discretion, but in affirming its order revoking the letters of appellant we will at the same time remand for further consideration by the court of the appointment of a successor, who should be selected in light of the facts to which we have referred, or any others which, with its permission, might be brought before the court.

Affirmed in part and reversed and remanded in part for further consideration.

### On Petition for Rehearing

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

In petitioning for rehearing appellee questions the breadth of discretion our opinion gives the District Court in selecting an administrator in place of the one removed. She contends that the Code gives her as widow an absolute right to letters of administration unless she is disqualified under section 20–101, which provides that letters shall not be granted to "a person convicted of an infamous offense, or to an idiot or lunatic, or person non compos mentis, or one under eighteen years of age, or to an alien * * *." She argues that the discretion vested in the court by section 20–204 should be construed to be merely a power of choosing among several applicants who belong to the same preferred class, not a power to choose a person with an inferior statutory preference. Maryland has so construed its statutes. See Cook v. Carr, 19 Md. 1; President, etc., of Georgetown College v. Browne, 34 Md. 450; Phillips v. Clark, 176 Md. 578, 6 A.2d 220; Schaumloeffel v. Schaumloeffel, 186 Md. 280, 46 A.2d 692, 164 A.L.R. 840; Langfelder v. Langfelder, 189 Md. 88, 90, 54 A.2d 312, 314. Ordinarily we would follow Maryland, since our probate system is largely there derived; but the problem being one of statutory construction [1] the fact that our statute in the respect here involved grants discretion in broader terms than the statutes of Maryland, weakens the persuasiveness of Maryland decisions.[2]

In this jurisdiction several cases tend to support appellee's position. See Williams v. Williams, 24 App.D.C. 214; Id., 25 App.D.C. 32; Brosnan v. Brosnan, 53 App.D.C. 149, 152, 289 F. 547, 550. But the more recent case of Haviland v. Harriss, 60 App.D.C. 255, 50 F.2d 1069, is of contrary import. There the court construed our Code provision, now section 20–105, which stated that if an administrator should die before completion of administration, letters should be granted "in the discretion of the court, 'giving preference, however, to the per-

---

[1]. This is demonstrated by the different conclusions courts have reached in dealing with comparable statutes. For cases holding the statutory scheme to be mandatory, see, e. g., Hunt v. Crocker, 246 Ky. 338, 55 S.W.2d 20; Calvert v. Beck, 240 Ala. 442, 199 So. 846; In re Webb's Estate, 90 Colo. 470, 10 P.2d 947; In re Taylor's Estate, 61 Nev. 68, 114 P.2d 1086, 135 A.L.R. 580. For cases holding that the statutory preferences do not absolutely bind the court, see, e. g., Mullins v. Mullins, 307 Ky. 748, 212 S.W.2d 272; Woodruff v. Miller, 209 Ark. 759, 192 S.W.2d 527; In re Langill's Estate, 117 Wash. 268, 201 P. 28; In re Abell's Estate, 329 Ill.App. 73, 67 N.E.2d 294, affirmed 395 Ill. 337, 70 N.E.2d 252.

[2]. Both our Code and the Maryland Code provide that if a surviving spouse and a child, or children, survive, the court may exercise its discretion in selecting one of them as administrator. See § 20–204, D.C.Code 1951, and 3 Ann.Code Md. art. 93, § 21 (1951). In providing for different situations of survivorship, however, the Maryland Code simply designates the party to be preferred, while the D.C.Code makes that preference "further subject to the discretion of the court." See 3 Ann.Code Md., Art. 93, §§ 22–34 (1951); §§ 20–204 to 20–215, D.C.Code 1951.

son who would be entitled in the order'" specified in sections 20–201 to 20–219. The court held that the discretion thus given permitted the probate court to depart from the order of preference, and affirmed the appointment of a brother instead of the mother, though the latter had a statutory preference. If this could not be done, the court said, "the provision for the exercise of discretion by the court would have no force or effect whatever as part of the statute." It characterized the statutory reference to the order of preferences as a "directory-reference."

The Haviland decision strongly supports interpreting section 20–204 to vest discretion in the court to appoint initially as administrator a person not belonging to the immediately preferred class even though the members of that class are not disqualified under section 20–101. Section 20–204 grants discretion in substantially identical terms as section 20–105, construed in Haviland. And the applicability to section 20–204 of the reasoning of the court in Haviland—that without a discretion the statutory grant of power to the court would be vitiated—is well demonstrated by the present type of case, where, absent a similar discretion in the court, the appointment of the widow would always be mandatory if she qualified under the limited provisions of section 20–101. We hold, therefore, that the court has power under section 20–204 to select an administrator from outside the immediately preferred class. The exercise of this discretion, however, must take account of the scheme of statutory preferences. The court must have a sound reason to depart therefrom. Moreover, if there is a next of kin who is not barred under a specific statutory disqualification and who applies for letters, a creditor or person not in any preferred classification may not be appointed. This restriction is dictated by the plain wording of section 20–216, which provides:

"If there be no relations, or those entitled decline or refuse to appear and apply for administration, on

proper summons or notice, administration may be granted to the largest creditor applying for the same; and if creditors neglect to apply, it may be granted at the discretion of the court." § 20–216, D.C.Code 1951. (Emphasis added.)

Under the facts of this case, as indicated by the record now before us, the court's choice extended to the widow, preferred by section 20–205, and to the sister or brother, preferred by section 20–207. Since the sister has been removed, the selection should be limited to the widow or brother, assuming that the latter now survives, provided, of course, that neither is disqualified under section 20–101 and is not unwilling to serve.

In view of the foregoing clarification the petition for rehearing is denied.