Versie BURCH *v*. Bennie GRIFFE

00-255                                                    29 S.W.3d 726

Supreme Court of Arkansas
Opinion delivered November 9, 2000

*Frances Morris Finley*, for appellant.

*Dodds, Kidd, Ryan & Moore*, by: *Greg Alagood*, for appellee.

R AY THORNTON, Justice. Appellant Versie Burch, executrix of the estate of her sister-in-law, Aileen Griffe, who also claims the right to be appointed executrix of the estate of Aileen's late husband, Robert, brings this appeal of the decision of the Pulaski County Probate Court permitting Robert's brother and guardian, Bennie Griffe, appellee, to perfect an election on behalf of his ward to take against the will of Aileen. Ms. Burch also appeals the trial court's decision declining to enter Robert's will for probate and appointing a special administrator rather than Ms. Burch as executrix. This case is a companion to *Burch v. Griffe*, No. 00-444 (Nov. 9, 2000), and the facts are more fully set out in that opinion.

Robert and Aileen Griffe had each accumulated an estate in his or her own right, and their only son had died without issue. In

1995, Robert executed a will leaving his estate to his siblings in the event that his wife did not survive him. Simultaneously, he executed a durable power of attorney naming his wife and her sister-in-law, Ms. Burch, as joint attorneys-in-fact. His will designated his wife executrix, or, in the alternative, Ms. Burch. In 1996, Aileen Griffe executed a will leaving her estate to Ms. Burch and naming Ms. Burch as alternative executrix after her husband. Aileen Griffe died in 1997, and at the time of her death, her husband Robert was in a nursing home suffering from Alzheimer's Disease.

Ms. Burch was appointed personal representative of Aileen's estate on May 12, 1998, by the Pulaski County Probate Court, First Division. The first notice of probate was published on June 5, 1998. On September 15, 1998, Robert's nephew, Bennie Griffe, petitioned the Pulaski County Probate Court, Fifth Division, for appointment of himself and his son Douglas as co-guardians of the estate and person of Robert. Ms. Burch, who held a durable power of attorney for Robert, did not oppose this appointment. However, on September 29, 1998, Ms. Burch filed a Waiver of Inventory and Accounting, as well as a Waiver of Notice and Entry of Appearance for Robert in the probate of Aileen's estate. By these filings, she purported to waive the requirement of inventory and accounting of Aileen's estate on Robert's behalf, pursuant to her durable power of attorney. On October 27, 1998, the probate court appointed Bennie and Douglas Griffe co-guardians, and on November 12, 1998, the co-guardians revoked the waivers Ms. Burch had filed on Robert's behalf in his late wife's estate.

On February 16, 1999, Ms. Burch, in her capacity as executrix of Aileen Griffe's estate, filed an Accounting and Petition for Fees, to which the guardians of Robert objected. Robert had been excluded as his wife's beneficiary, and on April 12, 1999, the co-guardians filed an election of the surviving spouse to take against the will of Aileen. This election to take against Aileen's will was not filed until more than nine months after the first notice of probate was published. Ms. Burch filed a motion to strike the election on May 4, 1999, contending that it was not timely filed nor had the probate court having jurisdiction over the guardianship of Robert granted advance approval, which she argued was required by Ark. Code Ann. § 28-39-405 (1987).

■ Ms. Burch contends an election to take against the will is untimely after seven months from the publication of the notice of probate and that the plain language of Ark. Code Ann. § 28-39-405 requires that permission to file an election to take against a will must be granted prior to filing the election. Ms. Burch also contends that a *nunc pro tunc* order cannot satisfy that requirement. In the companion case, cited above, without addressing the issue whether an election to take against the will is untimely when filed more than seven months after the first notice of probate, we determined that the election notice was untimely for other reasons. Based upon either analysis, this court holds that the election filed on Robert's behalf to take against his late wife's will was untimely, thereby rejecting the merits of Ms. Burch's first point on appeal in this case as well.

For her second point on appeal, Ms. Burch charges error on the part of the probate court in declining to admit Robert's will to probate and appoint her as executrix. Robert died on August 18, 1999, and Ms. Burch filed a petition for probate of the will, asking to be named personal representative as provided in the will. However, Bennie and Douglas Griffe also petitioned the court to terminate the guardianship of Robert and appoint them as personal representatives of the estate, stating that they were not offering the will for probate because of their concerns about the testator's mental capacity at the time of its execution. Bennie Griffe challenged Ms. Burch's suitability to act as executrix of Robert's estate, charging her with breach of fiduciary duty in connection with her use of power of attorney for Robert, and alleged that Ms. Burch engaged in a course of self-dealing by which she profited from the estates of Robert and Aileen, to the detriment of their heirs and beneficiaries.

A hearing was held on September 17, 1999, in the Fifth Division, and the trial judge entered an order appointing attorney Claiborne Patty, Jr., as special administrator of Robert's estate. The court noted in its order that there was a possibility of a conflict if the court appointed Ms. Burch as executrix of Robert's estate, because of her interest in opposing Robert's efforts to take against the will of his late wife in the estate of which Ms. Burch had already been appointed executrix. The trial court also noted that allowing Robert to elect against Aileen's will would have the result of reducing Ms. Burch's distributive share of her sister-in-law's estate. Pend-

ing resolution of the issue whether Robert's estate could elect against Aileen's will, the probate judge withheld entering the will for probate at that time.

Petitions for probate and appointment of personal representative are governed by Ark. Code Ann. § 28-40-107 (1987):

> (a) An interested person may petition the court of the proper county:
>
> (1) For the admission of the will to probate, although it may not be in his possession or may be lost, destroyed, or outside the state;
>
> (2) For the appointment of executor if no one is nominated in the will;
>
> (3) For the appointment of an administrator, if no executor is nominated in the will, or if the person so named is disqualified or unsuitable, or refuses to serve, or if there was no will.
>
> (b) A petition for probate may be combined with a petition for the appointment of an executor or administrator. A person interested in either the probate of the will or the appointment of a personal representative may petition for both . . . .

*Id.* The statute further provides that if the decedent died testate and the will is not filed, a petition for probate of will or for the appointment of a personal representative, or both, should include a copy of the will or a statement as to its contents. Ark. Code Ann. § 28-40-107(b)(6). If the appointment of a personal representative is sought, the relationship to the decedent and other facts which entitled the person to appointment should be included as well. Ark. Code Ann. § 28-40-107(b)(8).

■ Arkansas Code Annotated § 28-40-113 (1987) provides generally for contests of wills: "An interested person may contest the probate of a will, or any part thereof, by stating in writing the grounds of his objection and filing them in the court." *Id.* Sufficient grounds for contest include charges of incapacity or undue influence. *Selle v. Rapp*, 143 Ark. 192, 220 S.W.2d 662 (1920)(decision under prior law). After a petition for probate of a will or for the appointment of a general personal representative has been filed, and before that petition has been heard, the court will hear both petitions together and determine what instruments, if any, should be

admitted to probate or whether the decedent died intestate. Ark. Code Ann. § 28-40-116(a)(1987).

■ We do not agree with Ms. Burch's contention that the probate judge abused her discretion in finding that she was unsuitable to serve in the position of executrix of Robert's will, in light of her simultaneous role as executrix of his late wife's estate. The probate court possess considerable discretion in granting of letters of administration, upon a determination that the applicant is "qualified" and will "best manage and improve the estate." *Woodruff v. Miller*, 209 Ark. 759, 192 S.W.2d 427 (1946). The trial court is not required to appoint a member of the proffered class of those named by the testator where there is no member of that class qualified or where the applicant of that class is not qualified, or who, in the opinion of the court, will not best manage and improve the estate, even if otherwise qualified. *Id.* Ms. Burch has not met her burden to persuade this court that the trial judge's decision was an abuse of discretion, and therefore we affirm the appointment of Mr. Patty as special administrator to oversee Robert's estate. In light of our decision in this case and in the companion case, we remand this matter to the probate court for further consideration of the admission to probate of the purported will of Robert Griffe, in light of the contest thereto filed by Bennie Griffe calling into question Robert's testamentary capacity.

Affirmed in part and reversed and remanded in part.