**In re ALLEN'S ESTATE.**

**ALLEN et al. v. ALLEN.**

**No. 53048.**

District Court of the United States for the District of Columbia.

Dec. 4, 1939.

Ernest F. Henry, of Washington, D. C., for petitioners.

Warren E. Miller, of Washington, D. C., for respondent.

## 244

MORRIS, Justice.

This matter is before the Court on a petition for the removal of the respondent, Forrest F. Allen, Administrator of the Estate of James Walter Allen, deceased, who was appointed as such by an order of this Court, dated March 16, 1938. It is alleged that the respondent has neglected to file certain accounts in accordance with the rules of this Court; that he neglected to make immediate sale of certain shares of stock pursuant to an order entered by this Court; and that he has refused to turn over to one of the petitioners, Joseph Walter Allen, certain papers and records in the possession of the deceased at the time of his death. The answer of respondent denies any non-feasance or malfeasance in office, and upon the hearing the evidence failed to show that the respondent has been guilty of any conduct since his appointment and qualification as administrator which would justify this Court in removing him.

At the hearing the petitioners adduced proof that the respondent, prior to his appointment as administrator, had been convicted of a conspiracy to commit an offense against the United States, namely, a conspiracy to violate the National Prohibition Act, and upon such conviction had been sentenced to serve, and did serve, a term of fourteen months in a federal penal institution not of the penitentiary type. The respondent admits such conviction, sentence and confinement, but insists that the offense of which he was convicted is not an "infamous offense" within the meaning of Section 71, Title 29, of the 1929 Code for the District of Columbia, which section, inter alia, provides that—"No letters * * * of administration shall be granted to a person convicted of an infamous offense * * * and all questions as to the disqualification on any of said grounds of any person claiming to be entitled to letters * * * of administration shall be determined by the probate court, after such notice to the said persons as the court may direct."

Subsequent to the hearing, and by leave of Court, an amendment to the petition was made, setting up, as an additional ground for revocation of the respondent's letters of administration, his disqualification under the provisions of the statute above referred to. Answer was made by the respondent to this amended petition, again insisting that the offense was not an infamous one, and that, therefore, he is not disqualified.

With the respondent's contention I cannot agree. It is well recognized that a conspiracy to commit an offense against the United States is a crime which may be punished by imprisonment in a penitentiary, and may result in a heavier penalty than the conviction for a violation of the law of the United States which is the subject of the conspiracy. Section 88, Title 18, U.S.C.A. If the policy of the law were less explicit than it is, I would be most reluctant in this case to remove the administrator, or to revoke his letters of administration, and this because the petitioners had full knowledge of this respondent's conviction of this offense at the time the respondent was appointed as administrator, and they had full opportunity to make known to this Court such disqualification. They chose rather to gamble on whether or not the administration of this estate by the respondent would be pleasing to them, and now, when the administration of the estate is practically completed, they bring to this Court's attention a matter which should have been made known to the Court by them at the time the appointment of the respondent was under consideration. But, as I have stated, the policy of the law is clear and explicit to the effect that an administrator appointed by this Probate Court should not be one who has been convicted of an infamous offense. I, therefore, feel that this Court has no choice—when it has been made known to it that an administrator appointed by it is disqualified under the statute—other than to revoke his letters of administration. Any other course would be giving judicial sanction to that which has been prohibited by the law-making authority.

An order will, therefore, be entered revoking the letters of administration of the respondent to be effective upon the appointment and qualification of his successor; and, in view of the circumstances heretofore pointed out, the costs of this proceeding will be taxed against the petitioners, and the respondent will be allowed, as a proper charge against the estate, reasonable commissions and compensation accrued to the date of the appointment and qualification of his successor, including expenses and reasonable attorney's fees.