**Patricia G. BROOKS, Appellant,**

v.

**William C. DE LACY, Administrator, Estate of Walter G. Maholm, deceased, Appellee.**

**No. 14405.**

United States Court of Appeals District of Columbia Circuit.

Argued May 20, 1958.

Decided June 19, 1958.

Mr. Ward B. McCarthy, Washington, D. C., with whom Mr. George C. Vournas, Washington, D. C., was on the brief, for appellant.

Mr. William C. DeLacy, Washington, D. C., appellee, entered an appearance but filed no brief.

Mr. Robert H. McNeill, Washington, D. C., filed a brief on behalf of Mary J. Maholm as amicus curiae.

Before BAZELON and WASHINGTON, Circuit Judges, and WHITAKER, Judge, United States Court of Claims.*

PER CURIAM.

The District Court, sitting in probate, appointed a disinterested member of the bar, the appellee DeLacy, as administrator of the estate of Walter G. Maholm, deceased. The decedent was survived by his widow and a daughter by a previous marriage. Both had petitioned to be appointed administratrix. The daughter appealed from the order of appointment; the widow did not, though we permitted her counsel to appear here as amicus curiae.

Section 20-204 of the D.C.Code (1951), controlling here, provides:

"If the intestate leave a widow or surviving husband and a child or children, administration, subject to the discretion of the court, shall be granted either to the widow or surviving husband or to the child, or one or more of the children qualified to act as administrator * * *."

We appreciate the weighty reasons which led the District Court to take the action it did. The widow had failed in an earlier proceeding to establish a document proffered by her as decedent's will. She was seeking to charge the estate with the expense of that proceeding, over the daughter's opposition. Relations between the two were strained. Nevertheless, we think that on the present record the appointment of a complete outsider was not justified. On this record, the District Court should have made an appointment from the class defined in the quoted statute, i. e., the surviving widow and child, "provided, of course, that neither is disqualified under section 20-101 and is not unwilling to serve." [1] Randall v. Bockhorst, 1956, 98 U.S.App.D.C. 77, 82, 232 F.2d 334, 339.[2]

The case will be remanded for further proceedings not inconsistent with this opinion.

So ordered.

---

\* Sitting by designation pursuant to the provisions of Section 291(a) of Title 28 of the United States Code.

1. Section 20-101 of the D.C.Code (1951) provides, in pertinent part:

"No letters testamentary or of administration shall be granted to a person convicted of an infamous offense, or to an idiot or lunatic, or person non compos mentis, or one under eighteen years of age, or to an alien * * *."

2. We held in the Randall case that the court has power under section 20-204 to select an administrator from outside the immediately preferred class. We added: "The exercise of this discretion, however, must take account of the scheme of statutory preferences. The court must have a sound reason to depart therefrom. Moreover, if there is a next of kin who is not barred under a specific statutory disqualification and who applies for letters, a creditor or person not in any preferred classification may not be appointed." 98 U.S.App.D.C. at page 82, 232 F.2d at page 339.