Gladys Jane DIAL, Appellant,

v.

Charles W. JOHNSON, Administrator, Estate of Lula Johnson Fitch,
Deceased, Appellee.

No. 14402.

United States Court of Appeals
District of Columbia Circuit.

Argued June 20, 1958.

Decided Aug. 7, 1958.

Mrs. Katherine M. Staley, Washington, D. C., for appellee.

Before FAHY, Circuit Judge, and HASTIE, Circuit Judge, United States Court of Appeals for the Third Circuit,* and DANAHER, Circuit Judge.

HASTIE, Circuit Judge.

This appeal, by an unsuccessful petitioner below, challenges the refusal of the probate court to remove an administrator.

In December, 1957, the District Court granted letters of administration on the estate of Lula Johnson Fitch to the appellee, Charles W. Johnson. Less than a month later, appellant Gladys Dial, a person related to the decedent by marriage, filed the present petition for removal of the administrator, asserting, among other things, his prior conviction of crime. However, neither on consideration of the petition nor on motion for rehearing was the court persuaded to revoke Johnson's letters of administration. This appeal followed.

The petition for removal alleged Johnson's conviction of crime in general terms without specification. The formal opposition to this petition, as filed by the administrator, simply ignored this charge. The record before us does not show what happened at the hearing, which resulted in the denial of the petition. However, with a motion for rehearing, the petitioner formally submitted a copy of the docket entries of certain criminal proceedings in the District Court for the District of Columbia showing on their face a 1949 conviction of one Charles W. Johnson on a charge of housebreaking and his subsequent conviction of housebreaking and larceny, with sentence and commitment to imprisonment for a period of six to eighteen months. A court may take judicial notice of its own records. Whether or not the Charles W. Johnson so shown to have been convicted is the appellee, we do not know. But the petitioner also filed a supporting affidavit of the sur-

Mr. Willis C. Payton, Washington, D. C., for appellant.

* Sitting by designation pursuant to the provisions of Sec. 291(a), Title 28, U.S.Code.

viving husband of the decedent Lula Fitch stating that the affiant had visited the present administrator, Charles W. Johnson, in the Lorton Reformatory where Johnson was confined in 1950. Yet, the court below was not moved to take any action against the administrator, or to make any factual finding with reference to the apparently substantiated, and certainly unrefuted, charge that he had been convicted of serious crimes.

We think the circumstances called for an express judicial finding whether the administrator had been convicted as alleged and for his removal, if the finding was against him on this issue. The duty of the court in the premises is defined by a statutory mandate. "No letters testamentary or of administration shall be granted to a person convicted of an infamous offense * * *." D.C. Code, 1951 ed., § 20–101. This provision states a positive disqualification in unequivocal terms. No person thus disqualified should be appointed. It is not a discretionary matter. If such disqualification is discovered after letters have issued, the appointment should be revoked.

The administrator has argued to us that disqualification under Section 20–101 ends at the expiration of the maximum term of whatever sentence has been imposed pursuant to a conviction. No basis appears for implying such a limitation. True, the reformation of the person convicted is often achieved. However, Congress has seen fit to legislate without exception against entrusting the fiduciary responsibility of an administrator to one convicted of infamous crime. Of course, we have no occasion here to consider what effect a pardon or any other legally rehabilitating procedure might have upon the statutory disqualification.

Finally, as to this question, it is not disputed that the crime of housebreaking and larceny, of which appellee is said to have been convicted, is an infamous one within the meaning of the statute. Cf. In re Allen's Estate, D.C.D.C.1939, 30 F.Supp. 243.

In addition, the petition for removal alleged that Johnson used fraud to procure the consent of the surviving spouse to his appointment as administrator and also fraudulently claimed to be a brother of the deceased. In these allegations there might reside an alternative ground for removal, or, in any event, one which should be disposed of if the allegations respecting his conviction of an infamous crime are disposed of favorably to Johnson.

The statute sets forth a scheme as to who shall be administrator, preferring first the surviving spouse, then the next of kin with an elaborate system of preference, and then creditors. If there be no relations or creditors who are qualified and do not refuse to apply for administration, "it [the petition] may be granted at the discretion of the court." D.C.Code, § 20–216. And the court may in its discretion depart from the statutory scheme where there is a sound reason to do so. Randall v. Bockhurst, 98 U.S.App.D.C. 77, 232 F.2d 334. The trial judge may determine (1) whether the fraud actually took place, and (2) whether Johnson is the brother of the deceased. If Johnson be a brother and if he perpetrated a fraud, the trial court should exercise its discretion under the Randall case to determine whether the fraud is a sound reason for it to depart from the statutory scheme in designating an administrator. If Johnson be not a brother, the trial court should exercise its statutory discretion and in doing so it should consider the fraud, if any there be.

It follows that the probate court's dispositive order must be vacated and the cause reinstated in that court to the end that proper findings may be made and an appropriate judgment entered consistent with this opinion.

Vacated and remanded.