after hearing arguments, inter alia, on the issue that the claim was barred as a matter of law by limitation under D.C. Code Ann. § 12–201 (1961).

We find no error.

Affirmed.

Arthur R. MORRISON, Appellant,

v.

RICHFIELD DAIRY, INC., Appellee.

No. 17244.

United States Court of Appeals District of Columbia Circuit.

Argued May 7, 1963.

Decided May 16, 1963.

Mr. David I. Absé, Washington, D. C., for appellant.

Mr. James A. Belson, Washington, D. C., with whom Mr. Frank F. Roberson, Washington, D. C., was on the brief, for appellee.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

A complaint in the District Court filed June 1961 claimed breach in April 1955 of a contract relating to employment and sought damages. The District Court granted summary judgment for appellee

470, 95 L.Ed. 483 (1951); Cardillo v. Liberty Mutual Co., 330 U.S. 469, 67 S. Ct. 801, 91 L.Ed. 1028 (1947); Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229 (1935); American Mercury Ins. Co. v. Britton, 114 U.S.App. D.C. 280, 314 F.2d 285 (1963); Hancock v. Einbinder, 114 U.S.App.D.C. 67,

John Franklin GAGE et al., Appellants,

v.

The RIGGS NATIONAL BANK OF WASHINGTON, D. C., Administrator, Estate of Margaret Delano Gage, Deceased, Appellee.

No. 17309.

United States Court of Appeals District of Columbia Circuit.

Argued May 3, 1963.

Decided May 23, 1963.

716

Mr. Andrew A. Lipscomb, Washington, D. C., with whom Mr. Donald M. Sullivan, Washington, D. C., was on the brief, for appellants.

Mr. Harry Tyson Carter, Washington, D. C., with whom Mr. Jerome K. Kuykendall, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge.

The issues here relate to the discretionary power of the District Court, sitting as a Probate Court for the District of Columbia, to issue letters of administration. Since the scope of the power is the subject of detailed and explicit statutory specification,[1] our concern is whether the particular appointment made lies within the range of authority granted. Since we cannot tell, on the record before us, whether it was or was not, we are remanding the case for further proceedings.

I

The intestate decedent, Mrs. Margaret Delano Gage, was survived by two classes of next of kin. One consisted of twelve paternal first cousins, comprised of both males and females. The other was comprised of two female maternal first cousins. There is no issue as to the authenticity of the relationship to decedent of the individuals in each class.

On May 18, 1962, one of the male paternal first cousins, Harold Calvin Gage, filed a petition [2] representing the exist-

---

1. D.C.Code §§ 20–201 to 20–218.

2. This was in form a cross-petition and answer to a petition theretofore filed by one Dorothy B. Marvin, whose interest was represented as being that of one who had personally guaranteed payment of decedent's funeral expenses. The record indicates that, prior to the entry of the order below, these expenses were paid by counsel acting for Harold Calvin Gage. In any event, no appeal by Mrs. Marvin is before us.

ence of the twelve-member class of paternal first cousins and asking that The National Bank of Washington be appointed as administrator. Accompanying this petition were sworn consents by the other members of the class, concurring in the allegations of the petition and consenting to and requesting the appointment of the bank in question.

On the following day a cross-petition was filed by Helen Durfee Palmer, one of the two female maternal first cousins making up the second class of next of kin. Mrs. Palmer asked that letters of administration be issued to herself, representing that a consent would shortly be supplied from the other member of her class, as it was.

Four days after the filing of Mrs. Palmer's petition, a new action was taken on behalf of the other class. This was the filing of a cross-petition by John Franklin Gage, one of the male paternal first cousins who had executed a consent to the earlier petition of Harold Calvin Gage. The petition of John Franklin Gage varied from that of Harold Calvin Gage principally in that it requested the appointment of The National Bank of Washington or, in the alternative, the appointment of petitioner, John Franklin Gage. Consents to, and requests for, this alternative approach were forthcoming from the other eleven members of the class.

An answer was filed by Mrs. Palmer to both of the Gage petitions. In it, by way of affirmative defense, she made a number of allegations relating to an organization known as American Archives Association, which she represented as being a corporation engaged in the business of acquiring assignments of interests in intestate estates. She charged that this corporation was the undisclosed true party in interest behind each of the Gage petitions; that it had taken assignments of a two-fifths interest from each of the twelve paternal first cousins; that it had solicited such assignments from the two maternal first cousins, but

had been refused them; that the Gage petitions would not have been filed but for this undisclosed interest; and that considerations of public policy and impartial administration dictated the rejection of the Gage petitions and the allowance of her own.

Harold Calvin Gage filed a reply to Mrs. Palmer's answer, alleging in substance that American Archives Association performed a useful service generally, and in this case in particular, in that "most or all of the fourteen first cousins of the decedent" would not, but for the activities of the Association, have known of the existence of the decedent's estate. Admission was made of the assignment of a two-fifths interest, but the relevance of this to the relief requested was denied.

These pleadings, together with the oral arguments of counsel, constitute the proceedings in the lower court. Thereafter, the District Judge filed a memorandum stating his purpose to name The Riggs National Bank as administrator. He observed only that "the deceased maintained an account in this bank and would probably have selected this institution over other financial institutions." In the order subsequently entered, it was recited that it appeared to the court "that the best interest of the estate requires that a disinterested party be appointed." Only John Franklin Gage, joined by the other paternal first cousins, has appealed this order.

II

This Court long ago recognized that values of substance inhere in the right to letters of administration, and that "those upon whom that right has been conferred by statute should not be deprived of it, except as the statute has provided." Williams v. Williams, 24 App.D.C. 214, 217 (1904). Detailed statutory provision has been made for the issuance of such letters, and an explicit system of priorities as between next of kin has been established. Applied to the facts of this case, the male paternal first

cousins are the immediately preferred class.[3]

■■ This Court, however, has also said that, in an appropriate case and for sound reasons, discretion may be exercised to select an administrator from among lesser preferred classes of next of kin. See Randall v. Bockhorst, 98 U.S.App.D.C. 77, 232 F.2d 334 (1956), and Brooks v. De Lacy, 103 U.S.App. D.C. 223, 257 F.2d 227 (1958). But it was said in Randall and reiterated in Brooks that " * * * if there is a next of kin who is not barred under a specific statutory disqualification and who applies for letters, a creditor or person not in any preferred classification may not be appointed."[4] This last conclusion rested upon the language contained in D.C.Code § 20-216:

> "If there be no relations, or those entitled decline or refuse to appear and apply for administration, on proper summons or notice, administration may be granted to the largest creditor applying for the same; and if creditors neglect to apply, it may be granted at the discretion of the court."

■ In appointing The Riggs National Bank, the District Court could only have been acting under the discretion vested in it under this particular provision of the statute. For the discretion to attach, however, the conditions of the statute must have been satisfied. Since there were relations in being in the persons of the two groups of cousins, the appointment of an outsider turned upon the question of whether there had been a declination within the purview of the statute.

Neither in the pleadings nor in the oral argument was this question expressly brought to the attention of the District Judge. Neither in his memorandum nor in the order entered is there any finding by him on this matter, nor any other form of reference to it. Upon this appeal it is vigorously asserted on behalf of The Riggs National Bank that the District Court's discretion to appoint it had attached under § 20-216 for the reason that the paternal first cousins had declined by filing written consents, first, to the appointment of The National Bank of Washington, and second, to the alternative appointment either of that bank or John Franklin Gage.

■ But we cannot tell from what is before us whether the District Court addressed itself to this question, or what its conclusion would have been if it had. It may well be that, with the point squarely and explicitly before it for resolution, the District Court would have thought it either necessary or desirable to explore the issue in more detail through the taking of evidence relevant to it, instead of relying solely upon the allegations in the pleadings. When an exercise of judicial discretion derives solely from a statutory source, due deference to the legislative purposes suggests that the court to whom the grant is made in the first instance have the primary opportunity to elicit the facts and to draw the appropriate legal conclusions from them. Since the court's action is to be measured against the statute, its articulation of the responsiveness of that action to the statute is of critical importance to meaningful appellate review.

Thus, we regard it as consonant with sound principles of judicial administra-

---

3. D.C.Code § 20-208: "If there be neither widow or surviving husband, nor child, nor grandchild, nor father, nor mother, nor brother, nor sister, the next of kin shall be preferred."
§ 20-209: "Males shall be preferred to females in equal degree."
§ 20-214: "Relations on the part of the father shall be preferred to those on the part of the mother, in equal degree."

4. On petition for rehearing, 98 U.S.App. D.C. at 80, 232 F.2d at 339. The statutory disqualification referred to relates to competency. See D.C.Code § 20-101, which enumerates the bases of incompetency and directs that all questions relating thereto shall be determined by the court after notice. The record on this appeal appears to present no claim of disqualification under § 20-101 as to any of the contending parties.

tion for us to remand the matter to the District Court for further proceedings in the light of this opinion.

It is so ordered.