**In re ESTATE of Cecil H. LUCAS, Deceased.**

**No. 111041.**

United States District Court
District of Columbia.

May 18, 1964.

Everett F. Haycraft, Silver Spring, Md., and Charles P. Hovis, Washington, D. C., for petitioner.

Ernest F. Henry, Washington, D. C., for cross-petitioner.

CURRAN, District Judge.

This case comes before the Court on a petition for Letters of Administration and an answer and cross petition. The only issue presented is whether or not the court, when there has been a declination by some of the next of kin, has the discretion to appoint the petitioner, a creditor of the intestate, over a next of kin, under no legal disability and who applies for letters.

The petitioner, Florence W. Gianiny, files as a friend and creditor, having obliged herself to pay the funeral expenses. The decedent died intestate leaving no real property, no debts, and personal property in excess of fifty thousand dollars ($50,000.00).

Petitioner contends that she should be granted Letters of Administration because she is a close friend and creditor and some of the next of kin of decedent, being adults, have executed waivers and consents to her appointment. All of the next of kin are first cousins of the said decedent and all but one, Vera Henley Williams, the cross-petitioner, have filed declinations.

The petitioner, relying on Gage v. The Riggs National Bank of Washington, 115 U.S.App.D.C. 396, 320 F.2d 715, contends that the court has the discretion to appoint her administratrix, since she is a friend, creditor, and has the consent of some of the next of kin.

The cross petitioner, relying on Randall v. Bockhorst, 98 U.S.App.D.C. 77, 232 F.2d 334 and Brooks v. De Lacy, 103 U.S.App.D.C. 223, 257 F.2d 227, denies that the petitioner has any legal right entitling her to appointment. A careful reading of the cases cited by both petitioner and cross-petitioner and the pertinent sections of the D.C.Code, i. e., §§ 20–101, 20–204, 20–208, 20–216, demonstrates the correctness of cross-petitioner's position. That is to say that, while the court has the power under § 20–204 to select an administrator from outside the immediately preferred class, "[t]he exercise of this discretion, however, must take account of the scheme of statutory preferences. The court must

have a sound reason to depart therefrom. Moreover, if there is a next of kin who is not barred under a specific statutory disqualification and who applies for letters, a creditor or person not in any preferred classification may not be appointed. This restriction is dictated by the plain wording of section 20–216, which provides:

" 'If there be no relations, or those entitled decline or refuse to appear and apply for administration, on proper summons or notice, administration may be granted to the largest creditor applying for the same; and if creditors neglect to apply, it may be granted at the discretion of the court.' § 20–216, D.C. Code 1951." Randall v. Bockhorst, 98 U.S.App.D.C. 77, 82, 232 F.2d 334, 339.

The Gage case relied on by the petitioner does not change the holding in the Randall case, but quite to the contrary, reaffirms it and specifically states that if there are relations in being, the discretionary appointment of an outsider turns on "the question of whether there had been a declination within the purview of the statute", Gage v. The Riggs National Bank of Washington, 115 U.S.App.D.C. 396, 320 F.2d 715, 718. However, in the present case, there was not a declination by all of the next of kin. Accordingly, a creditor or person not in any preferred classification may not be appointed, if a next of kin, not being barred under a specific statutory disqualification, has applied for letters.

Although it hardly seems necessary, the Court will deal with the last remaining contention of the petitioner, i. e., since the males shall be preferred to females in equal degree, and since here the male next of kin consented to the appointment of the petitioner, their consent should take precedence over the request for letters by the cross-petitioner. While it is true that had the males not declined, they would have been preferred under § 20–209, however, it does not logically follow that their waiver and consent to the appointment of a creditor divests the females of equal degree of their statutory rights. In other words, the Court treats a declination by a next of kin as if that person was not qualified and, accordingly, appoints the next most preferred person, in this case, Vera Henley Williams.

So ordered.