John Franklin GAGE et al., Appellants,

v.

The RIGGS NATIONAL BANK OF WASHINGTON, D. C., Administrator, Estate of Margaret Delano Gage, etc., deceased, Appellee.

No. 18162.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 12, 1964.

Decided May 21, 1964.

Petition for Rehearing en Banc Denied June 25, 1964.

Mr. Donald M. Sullivan, Washington, D. C., with whom Mr. Norman E. Sill, Washington, D. C., was on the brief, for appellants. Mr. Andrew A. Lipscomb, Washington, D. C., also entered an appearance for appellants.

Mr. Harry Tyson Carter, Washington, D. C., with whom Mr. Jerome K. Kuykendall, Washington, D. C., was on the brief, for appellee.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge.

This case returns to us after proceedings held in the District Court pursuant to our remand in Gage v. Riggs National Bank, 115 U.S.App.D.C. 396, 320 F.2d 715 (1963). The circumstances giving rise to the issues before us are set forth in that opinion. They relate generally to a controversy over the appointment of an administrator of an estate. The District Court resolved the controversy by turning to appellee bank. Because, on the record as of that time, there appeared to be members of two preferred classes of next-of-kin claiming appointment in their own names,[1] and further

1. One class was composed of two maternal first cousins, while the other class was made up of several paternal first cousins. The statute governing the appointment of administrators (20 D.C.Code §§ 201–219) sets forth an elaborate system of preference. Paternal next-of-kin are preferred to maternal next-of-kin of equal degree. 20 D.C.Code § 214.

because there was no significant articulation of the basis for the District Court's action, we remanded the case for further consideration in the light of the statutory language delimiting the conditions under which outsiders, as distinct from next-of-kin, might be appointed.

The record as it comes back to us has been enlarged in certain significant respects. It contains, first, a written instrument of approval of, and consent to, the appointment of appellee, signed and filed after the entry of the order first appealed from, by the sole surviving representative of the secondarily preferred class of next-of-kin, i. e., maternal first cousins.[2] Second, there is an extended memorandum, filed by the District Court after the hearing pursuant to our remand, which sets forth in detail the findings and conclusions upon which the court decided to reappoint appellee. We consider such reappointment in the light of these new developments.[3]

Our difficulty grew largely out of the language contained in 20 D.C.Code § 216 to the effect that "[i]f there be no relations, or those entitled decline or refuse to appear and apply for administration * * * it may be granted at the discretion of the court." In the case of Randall v. Bockhorst, 98 U.S.App.D.C. 77, 232 F.2d 334 (1956), we held that the court might, for good reason, appoint from among a secondarily preferred class of next-of-kin where two such statutorily preferred classes of next-of-kin were claiming the appointment. We had said at the same time that, if there is a quali-

fied next-of-kin actively seeking appointment, an outsider may not be appointed. Although the latter expression was not essential in the factual context in which it was made, we referred to it in a later case in which we did set aside the designation of an outsider where there were next-of-kin actively contending with each other for appointment. Brooks v. DeLacy, 103 U.S.App.D.C. 223, 257 F.2d 227 (1958). (See Brooks v. Maholm, 105 U.S.App.D.C. 57, 263 F.2d 741 (1959) for subsequent litigation.) Even there, however, the reference was somewhat fleeting in nature, being confined to a footnote citation of *Randall* for the proposition that the court has a discretion to depart from the statutory priorities established by Congress, without apparent qualification, for next-of-kin; and, in the body of our opinion our holding was stated to be that "* * * *on the present record* the appointment of a complete outsider was not justified." (Emphasis supplied.) [4]

The implication from these last-quoted words might be, of course, that, on another record offering more compelling reasons, the selection of an outsider would not exceed the power committed to the court. And, indeed, it does not presently seem to us that the supposition of such power is out of keeping with our reading of the statute in *Randall* as affording some discretionary range of choice among next-of-kin despite the seemingly rigid statutory priorities applicable to them. The good reasons, necessary in either event, might well, in

---

2. A similar instrument was filed by a party to the proceeding who claimed the status of a creditor of the decedent.

3. A further addition to the record was a cross-petition for appointment as administrator, filed by one Lucius P. Dolliff, who represented himself to be the son and executor of a recently deceased member of the class of paternal first cousins. As a first cousin once removed of the decedent Margaret Gage, Dolliff claimed the right to be appointed in the event appellant John Franklin Gage should be held to have declined appointment. Dolliff's argument is that, even though he be held

to have no claim as a successor member of the class of paternal first cousins, as a "relation" of decedent within the meaning of that term as used in 20 D.C.Code § 216, he would be entitled to precedence over an outsider. In the view we take of the issue presented by this record, however, we do not need to resolve the challenge advanced to this claim of statutory status since it would, in any event, be inferior to that of a maternal first cousin.

4. See also Dial v. Johnson, 104 U.S.App. D.C. 32, 259 F.2d 189 (1958).

view of the manifest Congressional preference for the interests of next-of-kin under ordinary circumstances, need to be more plainly evident and more immediately urgent in the one case than in the other. The best interests of the next-of-kin might, however, under some circumstances conceivably be better served by placing the administration of the estate in disinterested hands; and the question would be, of course, whether Congress intended the court to be completely lacking in power to do so over the objection of any of the next-of-kin otherwise entitled.

We do not, in any event, have to resolve that question on the record before us. Neither do we have to pass upon the issue of whether there was an effective declination of appointment, within the meaning of the statute, by those persons constituting the class of paternal first cousins.[5] In our view of the present record, the question before us is this: Where the preferred classes contending for appointment are the paternal first cousins, on the one hand, and a maternal first cousin, on the other, was it error for the court to appoint an outsider upon the express approval and consent of the maternal first cousin?

■ Our consideration of the question so put starts from the premise, established by our earlier decisions referred to above, that the court may, for good reason, appoint from among a class of next-of-kin accorded a lesser priority by the statute. This means that the court here could, assuming good reason, have appointed the maternal first cousin.

With the maternal first cousin before the court affirmatively manifesting her assent to appellee's appointment, we do not find anything in the statute which disabled the court from making that appointment, provided, of course, that there was good reason for doing so. This is not a case in which all priority claimants object to an appointment outside the area of the next-of-kin; and we do not now decide that case. Nor do we speculate about states of facts varying in any degree from those presented by this record.

To sustain the appointment here does, however, require some scrutiny of the reasons why the court elected not to favor the higher priority claimant, inasmuch as we have said that some justification is necessary when the court moves down the statutory scale. The reasons here appear clearly in the District Court's memorandum, and they are fully supported by what is contained in the transcript of the hearing upon remand. The District Court found that an organization not a party to the proceeding—American Archives Association—held assignments of forty per cent of the respective interests of each of the paternal first cousins. We have no more occasion than did the District Court to pass upon the validity of these assignments, and we intimate nothing in this regard. It also appeared that counsel for those claiming in respect of or through this relationship had been retained, and was being paid, by American Archives Association. Of crucial importance in our view of the matter, however, as it seems also to have been to the District Court, was counsel's

---

5. The contention is that the paternal first cousins, by joining in an alternative request that The National Bank of Washington be appointed, have effectively and irrevocably declined appointment. Since the last appeal, The National Bank of Washington has filed a withdrawal of its earlier consent to serve as administrator, and appellant John Franklin Gage has filed an amended cross-petition in which he seeks only his own appointment and not, alternatively, that of The National Bank of Washington. As stated above, we see no need to pass upon the issue

of the asserted declination. We note, however, that, were the paternal first cousins (and Dolliff, as one claiming through a member of that class) to be held to have declined appointment by reason of their consents to the appointment of a bank, the same might well be true of the class representing maternal first cousins and their descendants, as well as of the purported creditor, by reason of their consents to the appointment of appellee. In such event, no preferred class would stand before appellee.

acknowledgement on the record that, if appellant was appointed administrator, the services which counsel anticipated rendering to him in that capacity would also be paid for by American Archives Association and not by the estate. The District Court thought that this raised "a serious possibility of such conflict of interest" as would create dangers to orderly and proper administration of the estate.

█ It was in this setting, then, that the District Court concluded that the exercise of a sound discretion on its part pointed towards the reappointment of appellee. We see no reason to interfere with that conclusion.

Affirmed.