**John Franklin GAGE et al., Appellants,**

v.

**The RIGGS NATIONAL BANK OF WASHINGTON, D. C., Appellee.**

**No. 18515.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 2, 1964.

Decided Jan. 21, 1965.

Mr. Andrew A. Lipscomb, Washington, D. C., for appellants. Messrs. Donald M. Sullivan and Norman E. Sill, Washington, D. C., were on the brief, for appellants.

Mr. Jerome K. Kuykendall, Washington, D. C., with whom Mr. Harry Tyson Carter, Washington, D. C., was on the brief, for appellee.

Before WASHINGTON, DANAHER and McGOWAN, Circuit Judges.

PER CURIAM:

This appeal is from the approval by the District Court, sitting in probate, of the first and final account of The Riggs National Bank as administrator under an appointment made by that court on August 30, 1963. The circumstances giving rise to that appointment, its vacation by us in connection with a remand for further consideration, and our sustaining of the Bank's reappointment, are set forth in two earlier opinions bearing the same name, Gage v. Riggs Nat'l Bank, 115 U.S.App.D.C. 396, 320 F.2d 715 (1963), and 119 U.S.App.D.C. ——, 337 F.2d 105 (1964).

The exceptions to the account are pressed by a group of heirs who originally claimed the appointment for one of their number, as against the representative of another class of relations of the decedent. They challenge in the first instance the allowance of any counsel fees whatever to the Bank, and, secondarily, the amount of the fees as allowed. In support of the former, it was asserted, first, that no counsel fees related to the matter of appointment may properly be allowed from the estate to one who contends in litigation for the appointment; and, second, that the Bank's counsel were disqualified from receiving fees by reason of conflicts of interest and solicitation activities.

These contentions were all reviewed by the District Court in the light of the evidence adduced in hearings before it. We find no basis for belief that it erred in any way in its complete and unequivocal rejection of them. The

claims of disqualification seem to us, as they did to the District Court, wholly lacking in substance. The amount of the fee allowed, which concededly related to services extending beyond defense of the Bank's appointment, was supported by evidence, and fell within a range of reasonableness. And, whatever may be thought to be appropriate in respect of the payment of fees from the estate when one of two fiercely contending heirs emerges successful in a competition for appointment as administrator, there can be no insuperable barrier to allowing costs from the estate to an independent institution appointed by the court for the very purpose of assuring an impartial administration of the estate by one not caught up in these rivalries.

Affirmed.